Town v. Lamphire.

---

## DANIEL TOWN v. JONAS G. LAMPHIRE.

*Rams.   Fence.   Evidence.   Husband and Wife.   Witness.*

On an action to recover the penalty under the statute § 6, ch. 104, G. S., providing for the restraint of rams, evidence in respect to the character of the fence through which the ram escaped, or between the land where the ram was pastured and the land to which he escaped, is not admissible.

The owner or keeper of a ram is bound to restrain him at all events, during the season prescribed, and can not rely for a defence upon the promise of an adjoining owner to keep up a legal fence.

When two or more rams owned by different persons escape together, to the sheep of another, the owner of each is liable to a penalty for the escape of his own ram, and the payment by one of the penalty that he is subject to, for the escape of his ram, is no discharge of the liability of the others.

The plaintiff's wife was a competent witness in this case on the ground of being an agent for her husband.

THIS was an action on the case, brought to recover the penalty under the statute, § 6, ch. 104, G. S., providing for the restraint of rams. Plea, the general issue, with special notice of settlement of the matters embraced in the suit.

The plaintiff proved that in August, 1857, he had twelve sheep which were in his pasture, and that on the 27th day of the same August, he found the defendant's ram with his sheep in said pasture, and out of the enclosure where said ram belonged, and that he took up this ram, and also two other rams belonging to one Pitkin, which

had got out of the enclosure with the ram of the defendant, and which were also with his sheep.

The defendant proved that in the spring of 1857, he and one Pitkin, the owner of two rams, hired one Paschal P. Shattuck to pasture their rams after the first of August, on the account of the respective owners, and not on joint account.

The defendant also offered evidence, under the general issue, to prove that the fence between the plaintiff, Town, and Shattuck had been divided for many years, and each had kept up his own part; that in the spring of 1857, they also agreed to keep up their respective portions; that in the season of 1857, Shattuck told Town he was going to put rams into the pasture, and wanted he should see that his part of the fence was properly up and all right, and that he had fixed his part; that Town told him he would do so; that he had fixed it and it was all right, and that he would risk the rams getting out so far as his part of the fence was concerned; that he need not trouble himself about his part of the fence; that Shattuck afterwards spoke to him a second time, telling him he had put rams in there, and Town repeated the same assurance; that Shattuck went through and examined the fence and saw nothing but that it was safe and all right; that the rams in fact got out through Town's part of the fence, in consequence of his neglecting to put up and keep the fence as he had agreed; that Shattuck relied on Town's assurance in this respect.

The court ruled that the evidence, if admissible at all, was properly admissible under the general issue, but excluded it *pro forma* on the ground that it was incompetent as evidence in the case, and not proper evidence to be considered by the jury,—to which the defendant excepted.

There was also evidence in the case on the part of the defendant tending to prove that Pitkin, after the three rams had been taken up by the plaintiff, went to the plaintiff and settled for the penalty, and for the damage of all three of the rams, and paid therefor the sum of $5.50.

To contradict this testimony the plaintiff proposed to call his wife, Martha Town, as a witness, and as preliminary to doing so, he testified that a few days after Mr. Pitkin had taken away his rams, as already stated, he, the plaintiff, was going from home to be gone a

week ;· that on the morning of his leaving he told his wife that if Lamphire should come for his ram during his absence not to let him have it, unless he brought a writing from him (the plaintiff) that he had settled for it.

The plaintiff then offered his wife as a witness. The defendant · objected to her being admitted. The objection was overruled, and she was admitted, to which the defendant excepted. She testified that the defendant came for the ram during said week of her husband's absence and took it away ; that he broke open the stable where it was confined, without permission, and against her orders and efforts to prevent him from taking it away ; also that she told him that her husband directed her not to let him have the ram till it was settled for.

It was proved that all three of the rams were taken up by the plaintiff at the same time, and from the same enclosure.

The defendant insisted, and requested the court to charge the jury :

That there can be but one penalty of $5. for any number of rams, escaping at the same time from the enclosure of the keeper to the enclosure of the owner of sheep.

That if one be the keeper of any number of rams, belonging to different owners, the person, into whose enclosure the rams escape, cannot sue each owner for a separate penalty for each ram. That he may recover one penalty, for the whole, from the keeper, or he may sue any one of the owners, and recover one penalty, and that will be a satisfaction for the whole.

That if the jury find in this case, that Pitkin settled for the *pen alty* and paid $5., or more, the plaintiff cannot recover. That he can only recover in this case, by satisfying the jury that the settlement was not for the *penalty*, but was for the *forfeiture*, and only for Pitkin's two rams.

That if Mr. Shattuck was hired to keep or pasture Mr. Lamphire's ram, and the ram escaped from Shattuck's pasture into the enclosure of the plaintiff, without any fault on the part of ,Mr. Lamphire, the defendant, then this action cannot be maintained.

The court held, and charged the jury conformably to said requests, except in the following respect : The court charged, that if Shattuck was procured to pasture said rams for and on account of the respect-

ive owners thereof, and had them in his custody only in so pasturing them, he was not so the keeper as to preclude the plaintiff from recovering the penalty of the defendant as the owner ; that if they found that said rams were so in the custody of said Shattuck when they escaped into the enclosure with the sheep of the plaintiff, the fact that Pitkin settled with the plaintiff in respect to his own rams would not constitute a defence in this suit unless the jury should find that, *in point of fact*, that settlement by Pitkin with the plaintiff embraced the defendant's ram as well as Pitkin's.

To the refusal of the court to charge as requested, and to the part of the charge above stated, the defendant excepted. Verdict for the plaintiff.

*Washburn & Marsh*, for the defendant, cited upon the point that the defendant's evidence, which was excluded, should have been received, *Hicks et al.* v. *Cram et al.*, 17 Vt. 455 ; *Strong* v. *Ellsworth*, 26 Vt. 373 ; *Cummings* v. *Webster*, 43 Maine, 194.

*Gilbert A. Davis* and *Converse & French*, for the plaintiff, cited upon the negative of the same point, *Brinsmaid, Adm'r,* v. *Mayo*, 9 Vt. 31 ; *Isaacs* v. *Clark*, 12 Vt. 692 ; *Howard* v. *Mitchell*, 14 Mass. 241.

PIERPOINT, J. We think the testimony offered by the defendant as to what passed between the plaintiff and Shattuck as to the division fence between them, was properly rejected. It was decided in this case at the last term of the supreme court in this county, that it was the duty of the defendant to restrain his ram from running at large, irrespective of any obligation on the plaintiff's part to keep up a legal fence between him and Shattuck, in whose enclosure the defendant was having his ram kept, and it was then held that the defendant had incurred the penalty, if his ram was found off his enclosure and with the sheep of the plaintiff, unless it was made to appear that the ram was so off the defendant's premises by reason of some positive wrongful act of the plaintiff himself, or could not have been prevented by the utmost care and diligence of the defendant, or Shattuck the keeper.

The only respect in which the testimony offered differs materially, from what was in the case when it was before us last year, is that the plaintiff told Shattuck, that he would see that his part of the fence

Town *v.* Lamphire.

was properly up, and that he would risk the ram's getting out, so far as his part of the fence was concerned.

This did not constitute any agreement on the part of the plaintiff that placed him under any additional obligation. He was bound by law to keep up a legal fence. What he said to Shattuck, if it had been based on any legal consideration, would not have increased his duty to keep up his fence. His saying that he would risk the ram's getting out, was but another way of saying he would keep up his fence. The fact that Shattuck relied on his keeping the fence up, does not change the case. Shattuck had no right to rely on any such agreement, or obligation, whether imposed by law or by his promise. The law required him to restrain the animal at all events, as already decided; and he seems to have so regarded it, for he went through and examined the plaintiff's fence and found it all right. It does not appear from the case that Shattuck did any act, or neglected to do any act, relying on what the plaintiff said, that he would not have done, or neglected, if the plaintiff had not said anything on the subject, so that the doctrine of estoppel has no application to the case.

It is insisted that the settlement with Pitkin operated to discharge the defendant, and that but one penalty was incurred for the escape of all the sheep. It may be true that so far as Shattuck, the keeper, is concerned, but one penalty was incurred; he was only the keeper of them all; they were kept together and so far as appears escaped together, but it is not necessary now to determine this question.

The statute imposes the penalty upon the owner of any ram, or rams, that shall be found out of the enclosure of such owner or the keeper, and with the sheep of another, between certain periods. In this case the defendant's ram was found out of the enclosure of the owner, and keeper, and with the sheep of the plaintiff; this subjects the owner to the penalty, and it clearly can make no difference with the defendant's liability, that his ram escaped and was found with the rams of another. In such case the owner of each is liable to a penalty for the escape of his own ram, and the payment by one of the penalty that he is subject to, for the escape of his ram, is no discharge of the liability of the other.

It is further insisted that the county court erred in admitting the testimony of the wife of the plaintiff, as to what transpired between

her and the defendant, at the time when the defendant took the ram from the plaintiff's barn.

The statute provides that the wife may be a witness for or against her husband " in all matters of business transactions, where the transaction was had and conducted by the wife as the agent of her husband."

It appears that when the plaintiff left his home to be absent a few days, he expressly directed his wife not to let the defendant take his ram away, unless he brought a writing from the plaintiff that he had settled for it. During the absence of the plaintiff the defendant went to the plaintiff's house to get the ram ; the wife told the defendant what directions she had from her husband, and forbid his taking the animal away, but the defendant broke into the stable and took him. It was in relation to this transaction only that the wife testified.

She was clearly the agent of the plaintiff in this matter, and testified simply as to what took place in connection with the discharge of her duties, under such express directions of her husband, and for this purpose we think she was a competent witness.

Judgment affirmed.